Amy Owen (SBN: 029275)
**OWEN LAW FIRM, PLLC**
One North Central Avenue, Suite 860
Phoenix, Arizona 85004
T: 480-788-3367
F: 602-783-1348
E: amy@amyowenlaw.com

*Attorneys for Plaintiff Tori Wiltz*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tori Wiltz,<br><br>          Plaintiff,<br><br>v.<br><br>Mountain America Credit Union,<br><br>          Defendant. | Case No.:<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Tori Wiltz ("Plaintiff"), by and through her attorneys, brings this action on her own behalf against Mountain America Credit Union ("MACU" or "Defendant") for its violations of the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691 *et seq.,* and violations of Plaintiff's equal rights under the law as defined under 42 U.S.C. § 1981, and states as follows:

**JURISDICTION AND VENUE**

1.    This Court has jurisdiction under the Equal Credit Opportunity Act, 15 U.S.C. § 1691 *et seq.*, and 28 U.S.C. §§ 1331, 1332, and 1343.

2.    Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

**PARTIES**

3.    Tori Wiltz ("Plaintiff") is a natural person residing in Maricopa County, Arizona, and is an "applicant" and a "person" protected by the Equal Credit Opportunity Act ("ECOA").

4.    Mountain America Credit Union ("Defendant" or "MACU") is a federally chartered credit union regulated by the National Credit Union Administration, with its principal place of business at 9800 South Monroe Street, Sandy, Utah, 84070.

5.    MACU is a "creditor" as defined by the ECOA.

6.    MACU maintains branches in multiple states, including Arizona, at 4325 East Southern Avenue, Mesa, Arizona 85206.

**FACTUAL ALLEGATIONS**

7.     Plaintiff is an African American female residing in Maricopa County, Arizona.

8.    On or about October 18, 2023, Plaintiff visited MACU's branch located at 4325 East Southern Avenue in Mesa, Arizona, with the intent of opening a checking account with overdraft protection.

9.     Plaintiff presented a valid, government-issued identification (driver's license issued by the Nevada Department of Motor Vehicles) which accurately reflected and proved her identity.

10.    Plaintiff also presented a valid lease agreement and Southwest Gas bill, which accurately reflected and proved her residence.

11.    On information and belief, MACU did not follow standard procedures to verify the identification such as through electronic verification systems or contacting relevant authorities for confirmation.

12.    On information and belief, MACU did not take reasonable steps to confirm the validity of Plaintiff's identification or residency, such as contacting the landlord or utility provider.

13.    Instead, MACU personnel immediately called 9-1-1 to falsely report a suspected fake identification.

14.    Law enforcement arrived, detained and questioned Plaintiff in view of other customers, causing humiliation, embarrassment, fear, and emotional distress.

15.    After investigation, officers confirmed that Plaintiff's identification was valid, and no charges were filed; but the incident had already caused irreparable harm to Plaintiff.

16.    MACU's actions and omissions were motivated by racial animus, as similarly situated non-African American individuals presenting valid identification are not subjected to such discriminatory treatment.

17.   Plaintiff was discriminated against and treated differently when she attempted to enter into a contract with MACU because of her race.

18.   As a direct result, Plaintiff was denied the opportunity to enter into a contractual relationship with MACU and suffered damages including emotional distress, humiliation, loss of time, and loss of access to credit.

19.   MACU failed to adequately train and supervise its employees to prevent racial discrimination.

## CLAIMS FOR RELIEF

### COUNT I
**15 U.S.C. § 1691, et seq. (ECOA)**
**Violation of the ECOA Discrimination Prohibition Based on Race**

20.   Plaintiff incorporates the above-alleged facts, damages allegations, and actions and omissions of the Defendant with respect to discrimination against Plaintiff based on her race, such that it used pretext to prevent her from opening an account in violation of the ECOA, 15 U.S.C. § 1691(a).

21.   The purpose of the ECOA is to promote the availability of credit to all creditworthy applicants without regard to race, color, religion, national origin, sex, marital status, or age.

22.   The ECOA makes it unlawful for a creditor to discriminate against any applicant with respect to any aspect of a credit transaction on the basis of race.

23.   Defendant is a creditor as defined in the ECOA and subject to the requirements of the ECOA.

24.     Plaintiff is an applicant as defined in the ECOA and subject to the protection of the ECOA.

25.     Credit is defined as the right granted by a creditor to an applicant to defer payment of a debt, incur debt and defer its payment, or purchase property or services and defer payment therefor. 12 CFR § 1002.2(j).

26.     Credit transaction is defined as every aspect of an applicant's dealings with a creditor regarding an application for credit or an existing extension of credit (including, but not limited to, information requirements; investigation procedures; standards of creditworthiness; terms of credit; furnishing of credit information; revocation, alteration, or termination of credit; and collection procedures). 12 CFR § 1002.2(m).

27.     Plaintiff attempted to open a checking account with overdraft lines of credit with the Defendant.

28.     Overdraft lines of credit are considered 'credit' and a 'credit transaction' under ECOA and therefore protected by ECOA.

29.     Defendant prevented Plaintiff from completing the required steps of identity verification which prohibited Plaintiff from opening the checking account.

30.     Defendant discriminated against the Plaintiff based on race, as defined in 15 U.S.C. § 1691(a).

31.     Defendant was required pursuant to the ECOA, as a creditor, to ensure that it did not discriminate against the Plaintiff based on race, or any other reason enumerated in 15 U.S.C. § 1691(a).

32.    Plaintiff is entitled to actual damages and statutory punitive damages of up to $10,000.00 per violation, plus attorneys' fees and costs pursuant to 15 U.S.C. § 1691e(d).

33.    Defendant's violative conduct was wanton, oppressive, and reckless, entitling Plaintiff to punitive damages.

34.    Plaintiff demands judgment for actual, statutory, and punitive damages, attorneys' fees, costs, and such other relief as the Court deems just and appropriate, pursuant to 15 U.S.C. § 1691 and 12 C.F.R. Part 1002.

## COUNT II
### Discrimination in Violation of 42 U.S.C. § 1981

35.    Plaintiff realleges each and every paragraph above and incorporates them by reference as though fully stated herein.

36.    Pursuant to 42 U.S.C. § 1981, "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens." The term "'make and enforce contracts' includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." "The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law."

37.    Plaintiff is a member of a protected class based on her race. Section 1981 is intended to forbid all "racial" discrimination in the making of private as well as public contracts.

38.     Discrimination claims under Section 1981 arise when individuals are treated differently in the making or enforcing contracts because of their race or ethnicity, as was done in the instant by Defendant to Plaintiff.

39.     During the relevant period of time, Plaintiff attempted to contract with MACU for a checking account, as detailed above, but MACU denied her the right to contract for such services while offering them to other similarly situated persons who were not African American.

40.     MACU intentionally took actions to prevent Plaintiff from entering into a contractual relationship by not accepting her valid identification and calling law enforcement because of her race.

41.     Plaintiff was subjected to racial discrimination by MACU which caused her harm, emotional distress including mental and emotional pain, anguish, fear, and worry.

42.     Plaintiff requests the relief set forth below.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment in her favor and against Defendant, as follows:

a)     Determining that Defendant's acts described herein violated the Equal Credit Opportunity Act and 42 U.S.C. § 1981;

b)     Awarding Plaintiff actual, compensatory damages, and punitive damages;

c)     Awarding Plaintiff prejudgment interest and attorneys' fees, costs, and disbursements; and

d)      Granting such other and further relief, in law or equity, as this Court deems

just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: October 20, 2025                    /s/ Amy Owen
                                           Amy Owen (SBN: 029275)
                                           **Owen Law Firm, PLLC**
                                           One North Central Avenue, Suite 860
                                           Phoenix, Arizona 85004
                                           T: 480-788-3367
                                           F: 602-783-1348
                                           E: amy@amyowenlaw.com

                                           *Attorneys for Plaintiff Tori Wiltz*