**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tori Wiltz,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Mountain America Credit Union,<br><br>　　　　　Defendant. | No. CV-25-03911-PHX-DWL<br><br>**ORDER** |

  On October 21, 2025, Plaintiff filed the complaint (Doc. 1) and a "motion to deem complaint timely filed as of October 20, 2025, pursuant to FRCP 6(b)(1)(B)" (Doc. 7). The motion explains that "Plaintiff's claims allege violations of federal civil rights and equal credit opportunity laws, and the statute of limitations for these claims was set to expire on October 20, 2025," but "[d]ue to a known technical failure in the electronic filing system, specifically an undisclosed incompatibility with the Google Chrome web browser, the Court did not receive Plaintiff's Complaint despite Plaintiff's counsel completing all necessary steps for filing, including uploading all required documents and completing the payment of the $405.00 filing fee" on October 20, 2025, "the date on which Plaintiff's counsel attempted to electronically file the Complaint through the Court's CM/ECF system." (*Id.* at 2.) Plaintiff provides detailed facts establishing that Plaintiff took the necessary steps to file the complaint on October 20, 2025 but was informed the following day via an email from the courthouse staff that the filing documents "were never received" and that "[t]he file date will be the date that the documents are received by the District

Court." (*Id.* at 3.) Specifically, Plaintiff attributes the issue to "incompatibility between the Google Chrome web browser and Pay.gov which causes known technical issues and glitches." (*Id.* at 6.) Plaintiff provides evidence in support of her averments. (Docs. 7-1, 7-2, 7-3, 7-4, 7-5.)

Plaintiff "seeks relief based on excusable neglect pursuant to Federal Rule of Civil Procedure 6(b)(1)(B)." (Doc. 7 at 2.) In addition to setting forth the legal standard for Rule 6(b)(1)(B), Plaintiff notes that "the District of Arizona's Electronic Case Filing Administrative Policies and Procedures Manual specifically addresses technical failures, providing that 'A registered user whose filing is untimely due to a technical failure may seek relief from the court.'" (*Id.* at 4.) The bulk of the motion discusses the *Pioneer* factors[1] and argues that each of these factors weighs in favor of a determination that the excusable neglect standard is met. (*Id.* at 5-7.) Alternatively, Plaintiff argues that "the Court's electronic filing system failed to provide adequate notice of browser compatibility requirements," and this "lack of clear notice regarding browser compatibility requirements further supports the finding of excusable neglect." (*Id.* at 7.)

If Rule 6(b)(1)(B) were applicable, the Court would have no trouble determining that the *Pioneer* factors resoundingly favor a finding of excusable neglect. However, it appears that Rule 6(b)(1)(B) is inapplicable. In the context of bringing an action after the statute of limitations has run, "long-settled equitable-tolling principles instruct that generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way," such that "a garden variety claim of excusable neglect . . . does not warrant equitable tolling." *Kwai Fun Wong v. Beebe*, 732 F.3d 1030, 1052 (9th Cir. 2013) (cleaned up). *See also Garcia v. Allen*, 2024 WL 3938921, *2 (E.D. Cal. 2024) ("*Pioneer* . . . involved filing deadlines . . . which courts may extend upon a finding of excusable neglect. This case involves a statute of limitations, and a late filing can only be excused if petitioner is entitled to equitable tolling, which does not extend to claims of

---

[1] *See Pioneer Inv. Servs. Co. v. Brunswick Associates Ltd. P'ship*, 507 U.S. 380 (1993).

excusable neglect.") (citations omitted); *Bulek v. Kaiser Foundation Hospitals*, 2024 WL 1436134, *2 (D. Or. 2024) ("The parties disagree over the applicable standard for excusing or tolling the statute of limitations. Ms. Bulek argues that she can establish excusable neglect . . . [while] KFH argues that equitable tolling, not excusable neglect, is the applicable standard here. . . . I find that equitable tolling is the correct standard here. Good cause and excusable neglect under Rule 4(m) do not apply because Ms. Bulek is up against a statute of limitations defense that is unrelated to any failure to meet the deadlines in the Federal Rules of Civil Procedure.").

"Equitable tolling is typically granted when litigants are unable to file timely petitions as a result of external circumstances beyond their direct control" and "is typically denied in cases where a litigant's own mistake clearly contributed to his predicament." *Harris v. Carter*, 515 F.3d 1051, 1055 (9th Cir. 2008). Although Plaintiff has argued that she was unable to timely file her complaint as a result of external circumstances beyond her direct control, the Court would not ordinarily make such a determination on an ex parte basis. Indeed, "the law typically treats a limitations defense as an affirmative defense that the defendant must raise at the pleadings stage and that is subject to rules of forfeiture and waiver," *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 133 (2008), such that typically, the Court does not have occasion to consider limitations issues without the benefit of adversarial briefing. Because Defendant is not yet participating in this action and has not had the opportunity to oppose Plaintiff's arguments, the Court will not make an equitable tolling determination on this record.

Furthermore, the District of Arizona's Electronic Case Filing Administrative Policies and Procedures Manual provides that "[a] registered user whose filing is untimely due to a technical failure may seek relief from the court." ECF Administrative Manual § II(O)(2)(f). "Technical failure" is defined as "a malfunction of court-owned/leased hardware, software, and/or telecommunications facility which results in the inability of a registered user to submit a filing electronically." *Id.* § I(A). On the other hand, "[p]roblems on the filer's end, such as problems with the filer's Internet service provider (ISP), or

1  hardware or software problems, will not generally excuse an untimely filing." *Id.* §
2  II(O)(2)(b).
3     "Under similar facts, the courts have . . . denied similar motions to deem documents
4  properly filed." *Chambered Custom Firearms LLC v. Babcock*, 2024 WL 4371712, *8 (D.
5  Ariz. 2024).  For example, in *Babcock*, a case where the filers alleged that Chrome had
6  interfered with filing, the court determined that the record was "insufficiently developed
7  for the Court to find the requisite 'technical failure' Petitioners urge under the ECF
8  Administrative Manual" and denied the motion without prejudice. *Id.*
9     For these reasons, the motion is denied without prejudice.  Once Defendant is
10 participating in this action, if either party chooses to bring the statute of limitations issue
11 to the Court's attention, the issue will be resolved following full briefing.
12     Accordingly,
13     **IT IS ORDERED** that Plaintiff's motion to deem complaint timely filed (Doc. 7)
14 is **denied without prejudice**.
15     Dated this 22nd day of October, 2025.

Dominic W. Lanza
United States District Judge